# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:10-CV-00200-RLV-DSC

| | |
|---|---|
| JUNE H. HULL, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER**<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. 5) and "Accompanying Memorandum" (Doc. 6), both filed on May 9, 2011, and Defendant's "Motion for Summary Judgment" (Doc. 7) and "Accompanying Memorandum" (Doc. 8), both filed on July 11, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, the Court referred the aforesaid motions to United States Magistrate Judge David Cayer for recommended disposition. In an opinion filed on July 12, 2011, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. (Doc. 9.) On July 27, 2011, Plaintiff filed "Objections to the Report and Recommendation of the Magistrate Judge." (Doc. 10.) Plaintiff's objections are deemed to be timely, and the three specific objections raised by Plaintiff are considered herein.

## I. INTRODUCTION

Neither party has objected to the Magistrate Judge's statement of the factual and

procedural history of this case; thus, the Court adopts the facts as set fourth in the Memorandum and Recommendation (M&R). (Doc. 9.)

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1) (2009); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g) (2010); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

In response to the Magistrate Judge's opinion, Plaintiff requests that the Court set aside the M&R and reverse or remand the Commissioner's decision to deny Plaintiff's application for Social Security benefits. Plaintiff's request is based upon three objections to the decision of the Administrative Law Judge (ALJ), which Plaintiff asserts were improperly addressed by the Magistrate Judge. Plaintiff first contends that the ALJ failed to comply with the Order of the Appeals Council by giving a virtually identical hypothetical question to the Vocational Expert (VE) in the second hearing as he did in the first hearing. Secondly, Plaintiff maintains that the M&R failed to address the conflicts between the VE's testimony and the Dictionary of

Occupational Titles (DOT). And lastly, Plaintiff holds that the ALJ failed to follow the "treating physician rule" by not giving controlling weight to the opinion of Plaintiff's treating physician, Dr. McIntyre.

A. The Order of the Appeals Council

Plaintiff contends generally that the ALJ did not comply with the Remand Orders of the District Court and the Appeals Council. The Appeals Council stated: "To the extent that the claimant has limitations in her ability to handle work-related stress and to interact with co-workers and/or the public, the frequency of any such limitation is to be described in the decision with specificity and included in any hypothetical presented to a vocational expert." (Tr. 343.) Plaintiff asserts the ALJ erred because the ALJ's description of her mental limitations in the subsequent hearing was nearly identical to the ALJ's description of her mental limitations in the initial hearing. However, as the Appeals Council's Order made clear, the case was remanded because "the hypothetical residual functional capacity assessment presented to the vocational expert was less restrictive in some aspect than the residual functional capacity finding of the ALJ." (Tr. 379.)[1] After the second hearing, the ALJ modified his RFC determination, and the hypothetical posed to the VE at the second hearing mirrored the ALJ's finding as to Plaintiff's RFC.[2] Therefore, the ALJ complied with the Appeals Council's remand order.[3]

---

[1] Specifically, the ALJ's initial decision found Plaintiff limited to work "in a no stress environment with no contact with the public" (Tr. 20, 379), while the ALJ's hypothetical to the first VE contained a limitation to work in a "low stress environment with only occasional interaction with co workers and the public" (Tr. 328, 379).

[2] The second hypothetical question given to the VE states: "I want to give you a hypothetical. I want you to assume a hypothetical claimant who would be 36 years old on the date last insured. I want you to assume that this individual has a history of a back condition with surgery, has back pain that goes down the hip and leg. I want you to assume that this does affect lifting. Her ability to lift. I want you to also find that the claimant has a mood disorder, that is, depression and anxiety which would affect her ability to do detailed work duties. I want you to find that the hypothetical claimant could perform full

3

B. Conflicts Between the VE's Testimony and the DOT

Plaintiff asserts that the ALJ erred by not questioning the VE about any conflict between his testimony and the DOT concerning the functional requirements of jobs that Plaintiff could perform. Social Security Ruling 00-4p requires the ALJ to ask the vocational expert to identify any potential conflicts between his or her testimony and the DOT. If there is a conflict, the ALJ should elicit an explanation and resolve the conflict. The ALJ must then explain the determination or decision, and how he or she resolved the conflict. SSR 00-4p.

Contrary to Plaintiff's assignment of error, the ALJ explicitly instructed the VE that if she provided an "opinion that conflicted with the DOT, [she was] to explain why [her] testimony might differ from that in the document." (Tr. 493.) The vocational expert testified that Plaintiff would not be able to perform her past relevant work but that Plaintiff could perform other work, such as a mail clerk, file clerk, office helper, photocopy machine operator, or parking lot attendant. (Tr. 496–97.) After Plaintiff's attorney pointed out that the job of photocopy machine operator could require moving boxes weighing more than fifty pounds, the ALJ did not rely on that job to determine whether Plaintiff could perform any kind of work. Here, Plaintiff additionally points out the difference between the DOT and the VE's testimony with regards to

---

time, in a full-time work setting with the following limitations. No lifting greater than 15 pounds and no repetitive bending, stooping, crawling or climbing. She would need routine, she would need simple routine type tasks in a low stress environment with only occasional interaction with co-workers, supervisors and the public." (Tr. 496.)

The ALJ's finding at the second hearing was as follows: "the Claimant had the residual functional capacity to perform "light" work (standing and/or walking about 6 hours in an 8-hour workday, sitting about 6 hours in an 8-hour workday) except that she was unable to lift more than 15 pounds and engage in repetitive bending, stopping or climbing. She was also limited to jobs which entailed only simple tasks in low stress environment and only occasional interaction with others." (Tr. 358.)

[3] It is worth noting that the ALJ's compliance with the Appeals Council is a conclusion that is supported by the Appeals Council's subsequent refusal to grant review. The Appeals Council concluded that there was no reason under their rules to assume jurisdiction.

the parking lot attendant position. The DOT described a parking lot attendant as having "significant" interaction with people, whereas Plaintiff's limitations require her to work in an area with "only occasional interaction with others." When asked about the difference, the VE explained that "most parking lot attendant jobs are now inside some kind of enclosure where the person really is not communicating with the customer very much. They're going to be in close proximity to customers but they're not going to be doing a lot of conversation." (Tr. 502.) The ALJ specifically addressed Plaintiff's concern and resolved the conflict by adopting the VE's explanation that most interactions between the parking lot attendants and the customers would "not really require communicating." (Tr. 368.) The ALJ addressed the issue and adopted the VE's explanation, which is all that is required under SSR 00-4p.

Substantial evidence supports the ALJ's reliance on the VE's testimony that an individual with Plaintiff's limitations was capable of performing the job of parking lot attendant. Therefore, the Commissioner's decision is affirmed in this respect.

C.  The Treating Physician Rule

Plaintiff objects to the ALJ's consideration of the final opinion of Dr. McIntyre, Plaintiff's treating physician, which according to Plaintiff was entitled to controlling weight under the "treating physician rule." Under this rule, such opinion as to the nature and severity of the alleged impairment is entitled to controlling weight only if it is well supported by medically acceptable clinical and laboratory diagnostic techniques *and* is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2011); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th

Cir. 1992) (holding that a treating physician's opinion need not be afforded controlling weight). When the ALJ declines to give controlling weight to the opinion of a treating physician, the ALJ must "always give good reasons in the notice of decision for the weight given to a treating sources opinion." 20 C.F.R. § 404.1527(c)(2).

Dr. McIntyre provided several differing opinions as to the degree in which Plaintiff's conditions imposed functional limitations. On October 18, 2007, Dr. McIntyre opined that Plaintiff had a number of health problems and concluded that she was permanently disabled.[4] (Tr. 243, 270.) On May 8, 2008, Dr. McIntyre found greater restrictions than the ALJ incorporated into Plaintiffs Residual Functional Capacity, and also noted the Plaintiff suffered from severe bipolar disease and bulimia, which would cause her to be absent from work. On March 23, 2009, Dr. McIntyre opined that during a typical workday, Plaintiff's pain and medications would constantly interfere with the attention and concentration needed to perform simple tasks or low-stress jobs. The ALJ noted that Dr. McIntyre's opinions regarding the limitations of Plaintiff were inconsistent with the opinions of Plaintiff's treating orthopedist, Dr. Knapp (Tr. 364–65, 156, 169–70, 279–81, 463–67), and the examining psychiatrist, Dr. Ahsanuddin (Tr. 363–67). Since the opinion of Dr. McIntyre was inconsistent with the opinions of the other specialists, which were considered as substantial evidence, the Court is not bound to give his opinions controlling weight. Furthermore, the ALJ explained that Dr. McIntyre was neither an orthopedist nor a psychiatrist. More weight is generally given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a non-

---

[4] The ALJ rightfully treated as non-dispositive Dr. McIntyre's conclusion that Claimant is "permanently disabled from work" as final responsibility for determining the ultimate issue of disability is reserved for the Commissioner.

specialist. Therefore, the ALJ was permitted to weigh Dr. Knapp's and Dr. Ahsanuddin's opinions more heavily than Dr. McIntyre's conclusions, despite the fact that he was the treating physician.

When reviewing an ALJ's decision for substantial evidence, this Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial Evidence supports the ALJ's RFC determination.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 5) be **DENIED**; that Defendant's Motion for Summary Judgment (Doc. 7) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

Signed: June 29, 2012

Richard L. Voorhees
United States District Judge